# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KASIDONIS, | ) | CASE NO. 1:19-cv-1029 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| STATE OF OHIO LORAIN | ) | |
| CORRECTIONAL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 8, 2019, *pro se* plaintiff Stephen Kasidonis ("Kasidonis") filed a complaint against State of Ohio Lorain Correctional pursuant to 42 U.S.C. § 1983. The allegations in the complaint concern his medication for epilepsy. Kasidonis seeks $100,000.00 in damages. (Doc. No. 1.) For the reasons that follow, this action is dismissed.

## A. Background

Kasidonis filed a motion to proceed with this action *in forma pauperis.* (Doc. No. 2.) Magistrate Judge Thomas Parker determined that the motion was deficient and, on July 1, 2019, ordered Kasidonis to either pay the filing fee or complete and file the financial application attached thereto. (Doc. No. 3.) The deficiency order provided Kasidonis with 30 days to comply, and expressly warned that "[f]ailure to comply with this Order may result in dismissal of this action without further notice." (*Id*. at 19.[1])

---

[1] Page number references are to the page identification number generated by the Court's electronic docketing system.

On July 1, 2019, a copy of the deficiency order was mailed to Kasidonis at his address of record. There is no indication on the docket that the mailing was returned to the Court as undeliverable. Kasidonis has not responded to the deficiency order.

**B. Law and Analysis**

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.,* No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act.). When a prisoner files a civil rights action, he must pay the filing fee. "'[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)).

The deficiency order issued by Magistrate Judge Parker required Kasidonis to comply with the statute's requirements in order to proceed with this action without the full prepayment of fees. *See McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) ("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *See In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of

prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

When this case was filed, Kasidonis did not pay the filing fee or submit the required statutory documentation to proceed *in forma pauperis*. Magistrate Judge Parker notified Kasidonis of the deficiency, provided him with 30 days to pay the filing fee or correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. Kasidonis did not comply with the deficiency order, seek an extension of time to do so, or provide the Court with any explanation as to why he could not comply.

Accordingly, this case is dismissed without prejudice for want of prosecution for failing to comply with the deficiency order. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (dismissal of § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

**C. Conclusion**

For all the foregoing reasons, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date:   August 7, 2019                                 _s/ Pamela A. Barker_
                                                       Pamela A. Barker
                                                       U.S. District Judge